WILLIAM W. DE WOLF, APPELLEE, V. ALBERT RETZLAFF, APPELLANT.

FILED MARCH 28, 1913.  No. 17,087.

1. **Appeal:** INSTRUCTIONS: HARMLESS ERROR. Harmless error in an instruction to the jury is not ground for reversing a judgment on the verdict.

2. ———: MOTION FOR NEW TRIAL: EXCESSIVE VERDICT. Where the verdict is not questioned as excessive in the motion for a new

32

trial, mere excess in the amount of recovery is not reviewable under the assignment that the verdict is not sustained by the evidence.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*T. J. Doyle* and *G. L. De Lacy,* for appellant.

*Morning & Ledwith, contra.*

ROSE, J.

Defendant broke the fibula and the tibia of his left leg, and employed plaintiff, who is a physician and surgeon, to reduce and treat the fractures. For professional services rendered and expenses incurred between March 16, 1910, and April 20, 1910, plaintiff brought this suit to recover $239.35. Defendant admitted plaintiff's employment, but pleaded malpractice, and demanded damages in the sum of $5,000. Upon the verdict of a jury, judgment was rendered in favor of plaintiff for $250.50. Defendant appeals.

Complaint is first made of the following instruction: "If you find for the plaintiff, you will so say by your verdict. If you also find for the defendant on his damage claim, you will deduct the larger item from the smaller, as the case may be, and return a verdict accordingly."

The criticism is that the jury were permitted to allow plaintiff compensation for professional services, and to award damages for malpractice growing out of the same services, though one claim, if established, would necessarily defeat the other. If the position thus taken is correct, it is clear that defendant was not prejudiced by the instruction, because the verdict shows on its face that the jury specifically found in favor of plaintiff for the full amount of his claim, and against defendant on his cross-petition for damages. The occasion for deducting one claim from the other, therefore, did not arise.

The correctness of the following instruction is also

challenged: "It is the duty of a patient to exercise ordinary care and prudence, and obey all reasonable instructions given by the surgeon, and if he fails in these respects, and complications arise in the matter of healing the wounds or injuries being treated by the surgeon, and such complications are such as may have been caused by such want of ordinary care and prudence on the patient's part, or by his failure to obey reasonable instructions of his surgeon, the burden is upon him to show that such complications or unfavorable results were not due to his own want of ordinary care and prudence, but were due to the negligence or want of skill of the surgeon."

The instruction cannot be approved as an accurate statement of the law applicable to the issues and facts. Defendant attacks it as an erroneous direction that, in an action for malpractice, the burden is on a patient charging negligence to prove that complications or unfavorable results were not due to contributory negligence on his part. Assuming, but not deciding, that the position thus taken by defendant is tenable, should the judgment be reversed for the giving of the instruction quoted? In answering this question, further details of the case must be considered. The injury occurred on a highway while defendant was sitting on a wagon load of lumber, with his legs hanging over the front end. A horse kicked him and broke his left leg below the knee. Both bones were broken and protruded through the flesh, causing ugly lacerations. In that condition he drove to the home of his brother. Plaintiff arrived there within an hour, dressed the wounds, reduced the fractures, so he says, and wrapped the leg in a splint composed of wire and wood. The splint was devised by plaintiff after his arrival. It is described by experts as a "Cabot posterior splint." The evidence shows that it is one frequently used by skilful and careful surgeons. In two or three days the patient was taken a short distance to the home of his parents. After a week or more he was removed to his own home. There he had the attention of his wife and her mother. Nearly every day for

five weeks after the injury, plaintiff removed the bandages
and dressed the wounds. He frequently stated to defend-
ant that the fractures had been properly reduced, and that
conditions and improvement were satisfactory, consider-
ing the nature of the injuries. The fears of the patient
were often aroused by his wife and mother-in-law, who
discussed the danger of blood-poisoning and censured the
physician. Defendant became dissatisfied, complained of
the treatment and consequent suffering, feared blood-
poisoning, discharged plaintiff, and employed Dr. Finney,
who removed the splint, broke whatever union had been
formed, treated and dressed the wound, placed the bones
in apposition, and put the leg in a plaster cast. Dr. Fin-
ney's testimony tends to prove that a complete use of the
broken leg would not have been restored without a change
of conditions as he found them. That defendant will en-
tirely recover from his injuries is not now questioned.
The principal charges of negligence imputed to plaintiff
are that he failed to replace the broken ends of the bones
in true apposition; that the leg below the fractures was
left in an unnatural or crooked position; and that the
splint used did not properly immobilize the limb. In all
of these particulars the evidence is sufficient to sustain a
finding that plaintiff in performing his professional serv-
ices was neither unskilful nor negligent, though the testi-
mony is not in perfect harmony on that issue. On the
witness-stand defendant himself evinced a purpose to be
both truthful and candid. The verdict of the jury, how-
ever, based as it is on all of the evidence, determines the
fact that plaintiff's services were skilfully and carefully
performed. Though there is proof that in a few minor
particulars directions of the physician were not strictly
observed, there is no convincing evidence that "complica-
tions" or "injuries" came from that source. Plaintiff's
own testimony virtually shows that no harm was caused
by disregarding instructions. He testified that the bones
had been in continuous apposition during his treatment,
and that when he made his last examination before being

discharged, the leg was in its natural position, and that the injuries were improving normally. Defendant had escaped dangerous infection. His wife's testimony indicates that Dr. Finney used considerable force in breaking the union before he reset the bones. In one of the instructions the jury were told that plaintiff could not recover, if the bones had been placed in apposition by Dr. Finney for the first time. With the record and the evidence in the condition outlined, it does not appear that the jury were misled or that defendant was prejudiced by the instruction criticised.

It is also argued that the recovery is excessive. Defendant urges this point on the ground that the evidence is insufficient to sustain the judgment, there being in the motion for a new trial no assignment that the verdict is excessive. Mere excess in the amount of the recovery cannot be corrected on appeal in that way. *Hammond v. Edwards*, 56 Neb. 631; *Lowe v. Keens*, 90 Neb. 565.

AFFIRMED.